# ELEVENTH CIRCUIT

# PATTERN JURY INSTRUCTIONS

# (CRIMINAL CASES)

# 2016

**FOR THE ELEVENTH CIRCUIT
JUDICIAL COUNCIL**

**RESOLUTION**

Before:   ED CARNES, Chief Circuit Judge; TJOFLAT, HULL, MARCUS, WILSON, PRYOR, MARTIN, JORDAN, ROSENBAUM, and JULIE CARNES, Circuit Judges; MOORE, MERRYDAY, THRASH, BOWDRE, LAND, STEELE, RODGERS, WATKINS, and WOOD, Chief District Judges.

RESOLVED, that the Committee on Pattern Jury Instructions of the Judicial Council of the Eleventh Circuit is hereby authorized to distribute to the District Judges of the Circuit for their aid and assistance, and to otherwise publish, the Committee's Pattern Jury Instructions, Criminal Cases, Eleventh Circuit (2016 revision); provided, however, that this resolution shall not be construed as an adjudicative approval of the content of such instructions which must await case-by-case review by the Court.

DONE at Montgomery, Alabama, on _April 6_, 2016.

FOR THE JUDICIAL COUNCIL:

_____
Chief Judge

iii

# JUDICIAL COUNCIL
## OF
# THE UNITED STATES ELEVENTH JUDICIAL CIRCUIT

**JAMES P. GERSTENLAUER**
CIRCUIT EXECUTIVE

TEL. 404/335-6535
56 FORSYTH STREET, NW
ATLANTA, GEORGIA   30303

22 December 2016

On 6 April 2016, the Judicial Council approved the Eleventh Circuit Pattern Jury Instructions, Criminal Cases, 2016 revision.   On 9 December 2016, the Judicial Council approved the first set of revised and new instructions; which follow:

### Offense Instructions

5.1    Bribery of a Public Official or Juror

5.2    Receipt of a Bribe by a Public Official or Juror

24.2   Bribery Concerning a Program Receiving Federal Funds

50.2   Mail Fraud:   Depriving Another of an Intangible Right of Honest Services

70.2   Interference with Commerce by Extortion Hobbs Act:   Racketeering (Color of Official Right)

40.3   Aggravated Identity Theft

49     Kidnapping

82     Sexual Exploitation of Children Producing Child Pornography

**NEW**
117.1 Controlled Substances:   Possession on Vessel of the United States or Subject to the Jurisdiction of the United States

**NEW**
117.2 Controlled Substances:   Possession on Vessel by United States Citizen or Resident Alien

### Special Instruction

**NEW**
19     Evidence of Flight

## O50.1
## Mail Fraud
## 18 U.S.C. § 1341

It's a Federal crime to [use the United States mail] [transmit something by private or commercial interstate carrier] in carrying out a scheme to defraud someone.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to defraud someone, or obtain money or property, using false or fraudulent pretenses, representations, or promises;

(2) the false or fraudulent pretenses, representations, or promises were about a material fact;

(3) the Defendant intended to defraud someone; and

(4) the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with the carrier] something meant to help carry out the scheme to defraud.

[A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers items from one state to another. It doesn't matter whether the message or item actually moves from one state to another as long as the message or item is delivered to the carrier.]

1

A "scheme to defraud" includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses, representations, or promises.

A statement or representation is "false" or "fraudulent" if it is about a material fact, it is made with intent to defraud, and the speaker either knows it is untrue or makes it with reckless indifference to the truth. It may be false or fraudulent if it is made with the intent to defraud and is a half-truth or effectively conceals a material fact.

A "material fact" is an important fact that a reasonable person would use to decide whether to do or not do something. A fact is "material" if it has the capacity or natural tendency to influence a person's decision. It doesn't matter whether the decision-maker actually relied on the statement or knew or should have known that the statement was false.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive or cheat someone, usually for personal financial gain or to cause financial loss to someone else.

The Government does not have to prove all the details about the precise nature and purpose of the scheme or that the material [mailed] [deposited with an interstate carrier] was itself false or fraudulent. It also does not have to prove that the use of [the mail] [the interstate carrier] was intended as the specific or

2

exclusive means carrying out the fraud, or that the Defendant did the actual [mailing] [depositing]. It doesn't even have to prove that anyone was actually defrauded.

To "cause" [the mail] [an interstate carrier] to be used is to do an act knowing that the use of [the mail] [the carrier] will usually follow in the ordinary course of business or where that use can reasonably be foreseen.

Each separate use of [the mail] [an interstate carrier] as part of the scheme to defraud is a separate crime.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1341 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises,… for the purpose of executing such scheme or artifice or attempting so to do, places in any post office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service [by any private or commercial interstate carrier] [shall be guilty of an offense against the laws of the United States].

Maximum Penalty: Twenty (20) years imprisonment and applicable fine. (If the violation affects a financial institution, or is in relation to or in connection with a presidentially declared major disaster or emergency, thirty (30) years imprisonment and $1 million fine).

If the offense involved telemarketing, 18 U.S.C. § 2326 requires enhanced imprisonment penalties:

> A person who is convicted of an offense under section 1028, 1029, 1341, 1342, 1343, or 1344, or a conspiracy to commit such an offense, in connection with the conduct of telemarketing - -

(1) shall be imprisoned for a term of up to 5 years in addition to any term of imprisonment imposed under any of those sections, respectively; and

(2) in the case of an offense under any of those sections that - -

(A) victimized ten or more persons over the age of 55; or

(B) targeted persons over the Age of 55,

shall be imprisoned for a term of up to 10 years in addition to any term of imprisonment imposed under any of those sections, respectively.

An additional element is required under the *Apprendi* doctrine when the indictment alleges any facts that would result in enhanced penalties under 18 U.S.C. § 1341 or § 2326. If the alleged offense involved telemarketing, or involved telemarketing and victimized 10 or more persons over age 55 or targeted persons over age 55, or the scheme affected a financial institution, or is in relation to or in connection with a presidentially declared major disaster or emergency, the Court should consider including a fourth element for that part of the offense and giving a lesser included offense instruction for just the Section 1341 offense. Alternatively, an instruction (to be used with a special interrogatory on the verdict form) can address those statutory variations of the scheme:

If you find beyond a reasonable doubt that the Defendant is guilty of using the mail in carrying out a scheme to defraud, then you must also determine whether the Government has proven beyond a reasonable doubt that [the scheme was in connection with the conduct of telemarketing and (a) victimized ten or more persons over the age of 55, or (b) targeted persons over the age of 55] [the scheme affected a financial institution] [the scheme was in relation to, or in connection with, a presidentially declared major disaster or emergency].

The 1994 amendment to Section 1341 now also applies it to the use of "any private or commercial interstate carrier." Where such private carriers are involved, the statute requires the government to prove only that the carrier engages in interstate deliveries and not that state lines were crossed. *See United States v. Marek*, 238 F.3d 310, 318 (5th Cir.) *cert. denied* 534 U.S. 813, 122 S. Ct. 37, 151 L. Ed. 2d 11 (2001).

Mail fraud requires a showing of "(1) knowing participation in a scheme to defraud and (2) a mailing in furtherance of the scheme." *United States v. Photogrammetric Data Svcs., Inc.,* 259 F.3d 229, 253 (4th Cir. 2001). The mailing, however, need only "be

incident to an essential part of the scheme or a step in the plot," and does not have to be an essential element of the scheme to be part of the execution of the fraud. *Schmuck v. United States*, 489 U.S. 705, 710-11, 109 S. Ct. 1443, 103 L. Ed. 2d 734 (1989).

Materiality is an essential element of the crimes of mail fraud, wire fraud, and bank fraud, and must be decided by the jury. *Neder v. United States*, 527 U.S. 1, 25, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999). The definition of materiality used here comes from that decision and the Eleventh Circuit's decision in the case upon remand. *United States v. Neder*, 197 F.3d 1122, 1128-29 (11th Cir. 1999), *cert. denied* 530 U.S. 1261, 120 S. Ct. 2727, 147 L. Ed. 2d 982 (2000).

In mail fraud cases involving property rights, "the Government must establish that the defendant intended to defraud a victim of money or property of some value." *United States v. Cooper*, 132 F.3d 1400, 1405 (11th Cir. 1998). State and municipal licenses in general are not "property" for the purposes of Title 18, United States Code, Section 1341. *Cleveland v. United States*, 531 U.S. 12, 15, 121 S. Ct. 365, 369, 148 L. Ed. 2d 221 (2000).

In the Eleventh Circuit, there has been considerable activity with respect to whether the measure of the alleged fraudulent conduct should be an objective "intended to deceive a reasonable person" standard, or whether conduct intended to deceive "someone," including the ignorant and gullible, was sufficient.

In *United States v. Svete*, 556 F.3d 1157 (11th Cir. 2009), the Eleventh Circuit, in an en banc decision, held that:

> Proof that a defendant created a scheme to deceive reasonable people is sufficient evidence that the defendant intended to deceive, but a defendant who intends to deceive the ignorant or gullible by preying on their infirmities is no less guilty. Either way, the defendant has criminal intent.

556 F.3d 1157, 1165 (11th Cir. 2009).

**O50.2**
**Mail Fraud:**
**Depriving Another of an Intangible**
**Right of Honest Services**
**18 U.S.C. §§ [1341] and 1346**
**Public Official/Public Employee**

It's a Federal crime to use [the United States mail] [a private or commercial interstate carrier] to carry out a scheme to fraudulently deprive someone else of a right to honest services.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant knowingly devised or participated in a scheme to fraudulently deprive the public of the right to honest services of the Defendant through bribery or kickbacks;

(2)    the Defendant did so with an intent to defraud the public of the right to the Defendant's honest services; and

(4)    the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with the carrier or transmitting or causing to be transmitted] some matter, communication or item  to carry out the scheme to defraud.

A "scheme" means any plan or course of action intended to deceive or cheat someone.

To "deprive someone else of the right of honest services" is to violate a duty to provide honest services to the public by participating in a bribery or kickback scheme.

1

Public officials and public employees have a duty to the public to provide honest services.  If an [official] [employee] does something or makes a decision that serves the [official's] [employee's] personal interests by taking or soliciting a bribe or kickback, the official or employee defrauds the public of honest services, even if the public agency does not suffer any monetary loss.

Bribery and kickbacks involve the exchange of a thing or things of value for an official act by a public official.  Bribery and kickbacks also include solicitations of things of value in exchange for an official act, even if the thing of value is not accepted or the official act is not performed.  That is, bribery and kickbacks include the public [official's] [employee's] solicitation or agreement to accept something of value, whether tangible or intangible, in exchange for an official act, whether or not the payor actually provides the thing of value, and whether or not the public official or employee ultimately performs the requested official act or intends to do so.

To qualify as an official act, the public official must have [made a decision or taken an action] [agreed to make a decision or take an action] on a question, matter, cause, suit, proceeding, or controversy. Further, the question, matter, cause, suit, proceeding, or controversy must involve the formal exercise of governmental power.  It must be similar in nature to a lawsuit before a court, a determination

before an agency, or a hearing before a committee.  It must also be something specific which requires particular attention by a public official.

The public official's [decision or action] [agreement to make a decision or take an action] on that question, matter, cause, suit, proceeding, or controversy may include using [his/her] official position to exert pressure on another official to perform an official act, or to advise another official, knowing or intending that such advice will form the basis for an official act by another official.  But setting up a meeting, talking to another official, or organizing an event (or agreeing to do so) – without more – is not an official act.

[It is not necessary that the public official *actually* make a decision or take an action.  It is enough that [he/she] agrees to do so.  The agreement need not be explicit, and the public official need not specify the means [he/she] will use to perform [his/her] end of the bargain.  Nor must the public official in fact intend to perform the official act, so long as [he/she] agrees to do so.]

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, usually for personal financial gain or to cause financial loss to someone else.  [A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers matters, communications or items from one state to or through another state.  It doesn't matter whether a matter,

communication or item actually moves from one state to or through another as long as the matter, communication or item is delivered to the carrier.]

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. The Government doesn't have to prove the matter, communication or item [mailed] [deposited with or transmitted by an interstate carrier] was itself false or fraudulent; or that the use of the [mail] [interstate carrier] was intended as the specific or exclusive way to carry out the alleged fraud; or that the Defendant actually [mailed] [deposited] [transmitted] the matter, communication or item. And the Government doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "cause" [the mail] [an interstate carrier] to be used is to do an act knowing that the use of [the mail] [an interstate carrier] will follow in the ordinary course of business or where that use can reasonably be expected to follow.

Each separate use of [the mail] [an interstate carrier] as a part of the scheme to defraud is a separate crime.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1341 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post-office or authorized depository for mail matter, any matter or thing

4

whatever to be sent or delivered by the Postal Service [by any private or commercial interstate carrier] [shall be guilty of an offense against the laws of the United States].

Maximum Penalty: Twenty (20) years imprisonment and applicable fine.

18 U.S.C. § 1346 provides:

> For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

This instruction is prepared for mail fraud involving the "right of honest services," but may be modified to fit the other types of fraud.

In addition to property rights, the statute protects the intangible right to honest services as a result of the addition of 18 U.S.C. § 1346 in 1988. The Supreme Court had ruled in *McNally v. United States*, 483 U.S. 350, 360 (1987), that Section 1341 was limited in scope to the protection of property rights and did not prohibit schemes to defraud citizens of their intangible right to honest and impartial government. Thus, Congress passed Section 1346 to overrule *McNally* and reinstate prior law. Defrauding one of honest services typically involves government officials depriving their constituents of honest governmental services. Such "public sector" fraud falls into two categories: first, "a public official owes a fiduciary duty to the public, and misuse of his office for private gain is a fraud;" second, "an individual without formal office may be held to be a public fiduciary if others rely on him because of a special relationship in the government and he in fact makes governmental decisions." *United State v. deVegter*, 198 F.3d 1324, 1328 n.3 (11th Cir. 1999) (quoting *McNally* and addressing wire fraud); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997) (addressing mail fraud). Public officials inherently owe a fiduciary duty to the public to make governmental decisions in the public's best interest. "If the official instead secretly makes his decision based on his own personal interests - - as when an official accepts a bribe or personally benefits from an undisclosed conflict of interest - - the official has defrauded the public of his honest services." *Lopez-Lukis*, 102 F.3d at 1169.

In *Skilling v. United States*, 561 U.S. 358, (2010), the Supreme Court interpreted 18 U.S.C. § 1346 to criminalize only schemes to defraud that are based on bribes and kickbacks. The definition of "official act" is taken from *McDonnell v. United States*, 136 S. Ct. 2355 (2016), and should be used when the predicate bribery or kickback is based on the federal bribery statute, 18 U.S.C. § 201. However, there is authority that honest services fraud prosecutions can be based on state law bribery offenses. *See United States v. Teel*, 691 F.3d 578, 584 (5th Cir. 2012); *United States v. Sanchez*, 502 F. App'x 375, 381 (5th Cir. 2012). In that event, *McDonnell*'s definition of official act may not be

5

applicable.   However, courts should be aware that the Supreme Court in *McDonnell* rejected the argument that the honest services statute is unconstitutionally vague because the application of the bribery statute's official act requirement cured any vagueness concerns.   Thus, an instruction that does not precisely define the type of conduct that can give rise to the offense could be problematic.

In a public sector honest services fraud case involving a bribe, the Eleventh Circuit appears to have held that materiality is not an element of the offense.   *United States v. Langford*, 647 F.3d 1309, 1321 n.7 (11th Cir. 2011).   The Committee believes this to be the correct approach; if a public official or employee accepts a bribe or kickback, the breach of fiduciary duty is inherently material.   Accordingly, the pattern charge does not include a materiality element.   Nevertheless, the Supreme Court has held that materiality is an essential element of the crimes of mail fraud, wire fraud and bank fraud and must be decided by the jury.   *Neder v. United States,* 527 U.S. 1, 25 (1999).   Because honest services fraud is a species of mail and wire fraud, this has led some circuits to hold that materiality is an element of honest services fraud.   If a materiality element is included, the Committee suggests the following: the scheme to defraud had a natural tendency to influence, or was capable of influencing, a decision or action by the Defendant's employer.

**O50.3**
**Mail Fraud:**
**Depriving Another of an Intangible**
**Right of Honest Services**
**18 U.S.C. §§ [1341] and 1346**
**Private Employee**

It's a Federal crime to use [the United States mail] [a private or commercial interstate carrier] to carry out a scheme to fraudulently deprive someone else of a right to honest services.

The Defendant can be found guilty of this crime only if all of the following facts are proved beyond a reasonable doubt:

(1) the Defendant knowingly devised or participated in a scheme to fraudulently deprive the Defendant's employer of the right to honest services of the Defendant through bribery or kickbacks;

(2) the Defendant did so with an intent to defraud the Defendant's employer of the right to the Defendant's honest services;

(3) the Defendant foresaw or reasonably should have foreseen that the Defendant's employer might suffer economic harm as a result of the scheme; and

(4) the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with the carrier or transmitting or causing to be transmitted] some matter, communication or item to carry out the scheme to defraud.

A "scheme" means any plan or course of action intended to deceive or cheat someone.

To "deprive someone else of the right of honest services" is to violate a duty to provide honest services to an employer by participating in a bribery or kickback scheme.

An employee who works for a private employer has a legal duty to provide honest services to the employer.

The Government must prove that the Defendant intended to breach that duty by receipt of a bribe or kickback, and foresaw, or should have foreseen, that the employer might suffer economic harm as a result of the breach.

A bribe or a kickback is any money or compensation of any kind which is provided, directly or indirectly, to an employee for the purpose of improperly obtaining or rewarding favorable treatment from the employee in connection with [his] [her] employment.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, usually for personal financial gain or to cause financial loss to someone else.

[A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers matters, communications or items from one state to or through another state.  It doesn't matter whether a matter, communication or item actually moves from one state to or through another as long as the matter, communication or item is delivered to the carrier.]

2

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme.  The Government doesn't have to prove the matter, communication or item [mailed] [deposited with or transmitted by an interstate carrier] was itself false or fraudulent; or that the use of the [mail] [interstate carrier] was intended as the specific or exclusive way to carry out the alleged fraud; or that the Defendant actually [mailed] [deposited] [transmitted] the matter, communication or item.  And the Government doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "cause" [the mail] [an interstate carrier] to be used is to do an act knowing that the use of [the mail] [an interstate carrier] will follow in the ordinary course of business or where that use can reasonably be expected to follow.

Each separate use of [the mail] [an interstate carrier] as a part of the scheme to defraud is a separate crime.

## ANNOTATIONS AND COMMENTS

18 U.S.C. § 1341 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post-office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service  [by any private or commercial interstate carrier] [shall be guilty of an offense against the laws of the United States].

3

Maximum Penalty:  Twenty (20) years imprisonment and applicable fine.

18 U.S.C. § 1346 provides:

> For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

This instruction is prepared for mail fraud involving the "right of honest services," but may be modified to fit the other types of fraud.

In addition to property rights, the statute protects the intangible right to honest services as a result of the addition of 18 U.S.C. § 1346 in 1988.  The Supreme Court had ruled in *McNally v. United States*, 483 U.S. 350, 360 (1987), that Section 1341 was limited in scope to the protection of property rights and did not prohibit schemes to defraud citizens of their intangible right to honest and impartial government.  Thus, Congress passed Section 1346 to overrule *McNally* and reinstate prior law.  Defrauding one of honest services typically involves government officials depriving their constituents of honest governmental services.  Such "public sector" fraud falls into two categories:  first, "a public official owes a fiduciary duty to the public, and misuse of his office for private gain is a fraud;" second, "an individual without formal office may be held to be a public fiduciary if others rely on him because of a special relationship in the government and he in fact makes governmental decisions."  *United States v. deVegter*, 198 F.3d 1324, 1328 n.3 (11th Cir. 1999) (quoting *McNally* and addressing wire fraud); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997) (addressing mail fraud).  Public officials inherently owe a fiduciary duty to the public to make governmental decisions in the public's best interest.  "If the official instead secretly makes his decision based on his own personal interests - - as when an official accepts a bribe or personally benefits from an undisclosed conflict of interest - - the official has defrauded the public of his honest services."  *Lopez-Lukis*, 102 F.3d at 1169.

In *Skilling v. United States*, 561 U.S. 358 (2010), the Supreme Court interpreted 18 U.S.C. § 1346 to criminalize only schemes to defraud that are based on bribes and kickbacks.

The definition of "bribe or kickback" is taken, with some modification, from 41 U.S.C. §8701(2)'s definition of "kickback" in the context of Federal Government contracts. The Committee believes the modified definition is sufficient to cover both bribes and kickbacks in the private sector.  The Eleventh Circuit cited to that statutory definition in *United States v. Aunspaugh*, --- F.3d ---, 2015 WL 4098254 (11th. Cir. 2015), in which the court held the prior definition of "kickback" in the pattern instruction was too broad in light of the Supreme Court's decision in *Skilling*. The court declined to decide whether a quid pro quo is required or whether a reward would be sufficient, so courts may want to eliminate the "or rewarding" language from the definition.  *See id.* at *4.

4

Although the typical case of defrauding one of honest services is the bribery of a public official, section 1346 also extends to defrauding some private sector duties of loyalty. It seems clear that an employment relationship creates a sufficient fiduciary duty to support a conviction for honest services fraud by a private employee. *See Skilling*, 561 U.S. at 408 n.41 (identifying an employer-employee relationship as a clear example of a fiduciary relationship under pre-*McNally* case law); *United States v. Kalaycioglu*, 210 F. App'x 825, 832-33 (11th Cir. 2006); *United States v. Williams*, 441 F.3d 716, 723 (9th Cir. 2006) (noting that employer-employee relationship is sufficient for private sector honest service fraud); *deVegter*, 198 F.3d at 1327 (listing "purchasing agents, brokers, union leaders, and others with clear fiduciary duties to their employers or unions . . . . defrauding their employers or unions by accepting kickbacks or selling confidential information" as a distinct category of honest services fraud pre-*McNally* (internal quotation marks and citation omitted)).

However, the Eleventh Circuit has held that a strict duty of loyalty ordinarily is not part of private sector relationships, and thus it is not enough to prove that a private sector defendant breached the duty of loyalty alone. In *deVegter*, a private sector case involving an independent contractor rather than an employee, the Eleventh Circuit held the breach of loyalty must inherently harm the purpose of the parties' relationship: "'The prosecution must prove that the employee intended to breach a fiduciary duty, and that the employee foresaw or reasonably should have foreseen that his employer might suffer an economic harm as a result of the breach.'" *deVegter*, 198 F.3d at 1329 (quoting *United States v. Frost*, 125 F.3d 346, 368 (6th Cir. 1997)).

As discussed in the annotations accompanying public sector honest services fraud, the Eleventh Circuit appears to have held that materiality is not an element of public sector honest services fraud. *United States v. Langford*, 647 F.3d 1309, 1321 n.7 (11th Cir. 2011). Materiality likely remains an element of private sector honest services fraud. *deVegter*'s requirement that the Government prove the private employee foresaw or reasonably should have foreseen that his employer might suffer economic harm as a result serves the same purpose as a materiality element. Other circuits discussing materiality versus foreseeable economic harm, including the Sixth Circuit case cited by the Eleventh Circuit in *de Vegter*, choose one approach or the other and make it clear they serve the same function. *See, e.g.*, *United States v. Milovanovic*, 678 F.3d 713, 726- 27 (9th Cir. 2013) (en banc) (materiality); *United States v. Rybicki*, 354 F.3d 124, 145-46 (2d Cir. 2003) (en banc) (materiality); *United States v. Vinyard*, 266 F.3d 320, 327-28 (4th Cir. 2001) (reasonably foreseeable harm); *United States v. Frost*, 125 F.3d 346, 368- 69 (6th Cir. 1997) (reasonably foreseeable harm); *United States v. Gray*, 96 F.3d 769, 774-75 (5th Cir. 1996) (materiality). Therefore the Committee has not included a redundant materiality element in the pattern charge.

5

**O50.4**
**Mail Fraud:**
**Depriving Another of an Intangible**
**Right of Honest Services**
**18 U.S.C. §§ [1341] and 1346**
**Independent Contractor or Other Private Sector Contractual Relationship**
**Besides Employer/Employee**

It's a Federal crime to use [the United States mail] [a private or commercial interstate carrier] to carry out a scheme to fraudulently deprive someone else of a right to honest services.

The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:

(1)    the Defendant owed a duty of honest services to the victim;

(2)    the Defendant knowingly devised or participated in a scheme to fraudulently deprive the victim of the right to honest services of the Defendant through bribery or kickbacks;

(3)    the Defendant did so with an intent to defraud  the victim of the right to the Defendant's honest services;

(4)    the Defendant foresaw or reasonably should have foreseen that the victim might suffer economic harm as a result of the scheme; and

(5)    the Defendant used [the United States Postal Service by mailing or by causing to be mailed] [a private or commercial interstate carrier by depositing or causing to be deposited with the carrier or transmitting or causing to be transmitted] some matter, communication or item to carry out the scheme to defraud.

1

A "scheme" means any plan or course of action intended to deceive or cheat someone.

To "deprive someone else of the right of honest services" is to violate a duty to provide honest services to another person by participating in a bribery or kickback scheme.

The Defendant owes a duty of honest services to the victim if, by the nature of their relationship, the Defendant is vested with a position of dominance, authority, trust, and de facto control.  The relationship imposes this duty if trust is reposed on one side and there is resulting superiority and influence on the other.

The Government must prove that the Defendant intended to breach that duty by receipt of a bribe or kickback, and foresaw, or should have foreseen, that the victim might suffer economic harm as a result of the breach.

A bribe or a kickback is any money or compensation of any kind which is provided, directly or indirectly, to a contractor for the purpose of improperly obtaining or rewarding favorable treatment from the contractor in connection with the contract.

To act with "intent to defraud" means to act knowingly and with the specific intent to deceive someone, usually for personal financial gain or to cause financial loss to someone else.

[A "private or commercial interstate carrier" includes any business that transmits, carries, or delivers matters, communications or items from one state to or through another state. It doesn't matter whether a matter, communication or item actually moves from one state to or through another as long as the matter, communication or item is delivered to the carrier.]

The Government does not have to prove all the details alleged in the indictment about the precise nature and purpose of the scheme. The Government doesn't have to prove the matter, communication or item [mailed] [deposited with or transmitted by an interstate carrier] was itself false or fraudulent; or that the use of the [mail] [interstate carrier] was intended as the specific or exclusive way to carry out the alleged fraud; or that the Defendant actually [mailed] [deposited] [transmitted] the matter, communication or item. And the Government doesn't have to prove that the alleged scheme actually succeeded in defrauding anyone.

To "cause" [the mail] [an interstate carrier] to be used is to do an act knowing that the use of [the mail] [an interstate carrier] will follow in the ordinary course of business or where that use can reasonably be expected to follow.

Each separate use of [the mail] [an interstate carrier] as a part of the scheme to defraud is a separate crime.

**<u>ANNOTATIONS AND COMMENTS</u>**

18 U.S.C. § 1341 provides:

> Whoever, having devised or intending to devise any scheme or artifice to defraud, or for obtaining money or property by means of false or fraudulent pretenses, representations, or promises . . . for the purpose of executing such scheme or artifice or attempting so to do, places in any post-office or authorized depository for mail matter, any matter or thing whatever to be sent or delivered by the Postal Service  [by any private or commercial interstate carrier] [shall be guilty of an offense against the laws of the United States].

Maximum Penalty:  Twenty (20) years imprisonment and applicable fine.

18 U.S.C. § 1346 provides:

> For the purposes of this chapter, the term "scheme or artifice to defraud" includes a scheme or artifice to deprive another of the intangible right of honest services.

This instruction is prepared for mail fraud involving the "right of honest services," but may be modified to fit the other types of fraud.

In addition to property rights, the statute protects the intangible right to honest services as a result of the addition of 18 U.S.C. § 1346 in 1988.  The Supreme Court had ruled in *McNally v. United States*, 483 U.S. 350, 360 (1987), that Section 1341 was limited in scope to the protection of property rights and did not prohibit schemes to defraud citizens of their intangible right to honest and impartial government.  Thus, Congress passed Section 1346 to overrule *McNally* and reinstate prior law.  Defrauding one of honest services typically involves government officials depriving their constituents of honest governmental services.  Such "public sector" fraud falls into two categories: first, "a public official owes a fiduciary duty to the public, and misuse of his office for private gain is a fraud;" second, "an individual without formal office may be held to be a public fiduciary if others rely on him because of a special relationship in the government and he in fact makes governmental decisions."   *United States v. deVegter*, 198 F.3d 1324, 1328 n.3 (11th Cir. 1999) (quoting *McNally* and addressing wire fraud); *United States v. Lopez-Lukis*, 102 F.3d 1164, 1169 (11th Cir. 1997) (addressing mail fraud).  Public officials inherently owe a fiduciary duty to the public to make governmental decisions in the public's best interest.  "If the official instead secretly makes his decision based on his own personal interests - - as when an official accepts a bribe or personally benefits from an undisclosed conflict of interest - - the official has defrauded the public of his honest services." *Lopez-Lukis*, 102 F.3d at 1169.

4

In *Skilling v. United States*, 561 U.S. 358 (2010), the Supreme Court interpreted 18 U.S.C. § 1346 to criminalize only schemes to defraud that are based on bribes and kickbacks.

The definition of "bribe or kickback" is taken, with some modification, from 41 U.S.C. §8701(2)'s definition of "kickback" in the context of Federal Government contracts. The Committee believes the modified definition is sufficient to cover both bribes and kickbacks in the private sector. The Eleventh Circuit cited to that statutory definition in *United States v. Aunspaugh*, --- F.3d ---, 2015 WL 4098254 (11th. Cir. 2015), in which the court held the prior definition of "kickback" in the pattern instruction was too broad in light of the Supreme Court's decision in *Skilling*. The court declined to decide whether a quid pro quo is required or whether a reward would be sufficient, so courts may want to eliminate the "or rewarding" language from the definition. *See id*. at *4.

Although the typical case of defrauding one of honest services is the bribery of a public official, section 1346 also extends to defrauding some private sector duties of loyalty. The Eleventh Circuit has held that a strict duty of loyalty ordinarily is not part of private sector relationships, and thus it is not enough to prove that a private sector defendant breached the duty of loyalty alone. In *deVegter*, a private sector case involving an independent contractor rather than an employee, the Eleventh Circuit held the breach of loyalty must inherently harm the purpose of the parties' relationship: "'The prosecution must prove that the employee intended to breach a fiduciary duty, and that the employee foresaw or reasonably should have foreseen that his employer might suffer an economic harm as a result of the breach.'" *deVegter*, 198 F.3d at 1329 (quoting *United States v. Frost*, 125 F.3d 346, 368 (6th Cir. 1997)). The definition of the type of relationship necessary to give rise to a duty of honest services comes from *deVegter*'s definition of fiduciary duty, which is drawn from *United States v. Chestman*, 947 F.2d 551, 568 (2d Cir. 1991) and *United States v. Brennan*, 183 F.3d 139, 150-51 (2d Cir. 1999). *See deVegter*, 198 F.3d at 1331 & n.8.

As discussed in the annotations accompanying public sector honest services fraud, the Eleventh Circuit appears to have held that materiality is not an element of public sector honest services fraud. *United States v. Langford*, 647 F.3d 1309, 1321 n.7 (11th Cir. 2011). Materiality likely remains an element of private sector honest services fraud. *deVegter*'s requirement that the Government prove the private employee foresaw or reasonably should have foreseen that his employer might suffer economic harm as a result serves the same purpose as a materiality element. Other circuits discussing materiality versus foreseeable economic harm, including the Sixth Circuit case cited by the Eleventh Circuit in *de Vegter*, choose one approach or the other and make it clear they serve the same function. *See, e.g.*, *United States v. Milovanovic*, 678 F.3d 713, 726-27 (9th Cir. 2013) (en banc) (materiality); *United States v. Rybicki*, 354 F.3d 124, 145-46 (2d Cir. 2003) (en banc) (materiality); *United States v. Vinyard*, 266 F.3d 320, 327-28 (4th Cir. 2001) (reasonably foreseeable harm); *United States v. Frost*, 125 F.3d 346, 368-69 (6th

5

Cir. 1997) (reasonably foreseeable harm); *United States v. Gray*, 96 F.3d 769, 774-75 (5th Cir. 1996) (materiality). Therefore the Committee has not included a redundant materiality element in the pattern charge.