UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 16-CR-20715-MGC

UNITED STATES OF AMERICA,

v.

ANITA SGARRO,

       Defendant.
_____/

**DEFENDANT SGARRO'S MOTION FOR RELEASE ON BOND PENDING APPEAL**

       Defendant, ANITA SGARRO, through counsel, moves this Court for release on bond pending appeal pursuant to 18 U.S.C. § 3143, and in support thereof states the following:

       1.     On September 22, 2016, the defendant was charged by indictment with one count of conspiracy to commit wire fraud, in violation of 18 U.S.C. §1349, one count of mail fraud (Count 2), in violation of 18 U.S.C. §1341, and one count of wire fraud (Count 10), in violation of 18 U.S.C. §1343.  (DE 3:1-16).  Following a lengthy jury trial, the defendant was found guilty of all three counts lodged against her.

       2.     Defendant was recently sentenced by this Court to 116 months imprisonment followed by 3 years supervised release.

       3.     Defendant filed Notice of Appeal (D.E. 699) regarding the <u>Judgment In</u>

A Criminal Case (D.E. 688).

4.  In deciding whether to grant release pending appeal is appropriate, the judicial officer must determine if: there is clear and convincing evidence, that (1) the defendant is not likely to flee or pose a danger to the safety of any other person or the community if released; (2) the appeal is not for the purpose of delay; (3) the appeal raises a substantial question of law or fact; and (4) if that substantial question is determined favorably to defendant on appeal, that decision is likely to result in a reversal of the convictions, an order granting a new trial or a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process. 18 U.S.C. § 3143(b).

5.  The statutory impediment to Ms. Sgarro's release on bond is a judicial determination that a substantial question of fact or law is presented by her appeal. The burden of establishing a substantial question on appeal rests with the defendant. *United States v. Giancola*, 754 F.2d 898, 901(11th Cir. 1985). A substantial question is simply one that could be decided in the defendant's favor. *Id.* A question that has already been decided by controlling precedent is a not a substantial question. *United States v. Miller*, 753 F.2d 19, 23-24(3rd Cir. 1985). And although the opposite is not necessarily true, there are questions in this case that have not been resolved by any court of appeals, including issues relating to the jury instructions regarding mail and

2

wire fraud based on *United States v. Takhalov*, 827 F.3d 1307 (11th Cir. 2016). Ms. Sgarro's knowledge of any attempt to commit actionable fraud, where the issue of reliance on what Ms. Sgarro should or could have known is debatable. *See United States v. Willner*, 795 F.3d 1297, 1315 (11th Cir. 2015) (even deliberate ignorance of conspiratorial activity by one's co-workers or employers is insufficient to prove membership in the conspiracy). More importantly, the issues raised in Ms. Sgarro's prior motions and sentencing objections are, without any doubt, of sufficient weight to be capable of being decided in her favor.

6. The issues raised on Defendant's appeal are as follows:

    a. <u>Motion for New Trial</u> based on prosecutorial misconduct filed by a co-defendant (D.E. 599) for which all defendants joined in (D.E. 615). During the hearing on this matter, the Court stated the following, as transcribed in D.E. 667 at Page 5):

**The first is the Motion for New Trial and/or Acquittal Based on Prosecutorial Misconduct that was filed by defendant Long for which all the other defendants joined in.**

**The Court and the parties in this case work very hard to craft jury instructions. Several drafts were circulated. I believe there was a marathon jury instruction conference, where but for civility, all of us probably would have acted inappropriately. It was also clear that none of the parties were completely satisfied with the outcome of the conference. That's often what happens in jury instruction conferences. There's always a give and a take, and I think it is appropriate for the judge to craft instructions that it thinks is**

3

consistent with the law.

The issues of a scheme to defraud versus deception was discussed extensively in light of last year's ruling in United States versus Takhalov. I was very concerned on the appropriate instruction to give on the fraud counts. I also felt that in light of Takhalov, given the defendants' consistent theory in this case that they did not intend to defraud, a defense theory of the case instruction was appropriate.

The parties and the Court worked to craft an instruction and even after I ruled that the instruction was appropriate, counsel for the Government continued to make their opposition clear. Even as all were in the courtroom, the Government continued to cast aspersions on the defendants' theory of the case. It's obvious that no person in this case or no party received the instruction they wanted. However, the defense rode with it and crafted their closing arguments within the bounds of the instruction on fraud and the defense theory of the case.

I want to be clear that despite the contentions of the United States in this case, I do not find that defense counsel in this case attempted to unravel the Court's careful framing of the theory of instruction. The prosecutor, instead of pointing out the evidence in the case, chose to attack the crafted instruction as not the law of the case, but defendants' mere theory.

On Page 9 of the omnibus response, the Government highlights the section in Mr. Sakin's argument that it thinks invited its comments. It is noteworthy for what is not highlighted. Mr. Sakin said, there is no evidence that she knew or should have known that Craig Sizer was misappropriating investor funds. That was the consistent defendant's theory in this case and I do not think invited the Government's instruction.

The jury instruction read, "A scheme to defraud includes any plan or course of action intended to deceive or cheat someone out of money or property using false or fraudulent pretenses,

4

**representations or promises."**

**That portion of the defendant's argument did not misstate the law. There was simply no need for the Government to attack the theory of the defense in this way except to point out its continued displeasure with the instruction and publicly evidence its contempt for the instruction that was given.**

**The law in the Eleventh Circuit is clear. A criminal defendant has the right to have the jury instructed on his or her theory of defense separate and apart from the instruction given on the elements of the charged offense. A trial Court may not refuse to charge a jury on a specific theory of defense when the proposed instruction presents a valid defense and where there has been some evidence at trial relevant to the defense, and that's exactly what happened here.**

**The trial Court is not free to determine the existency of such a defense as a matter of law. The threshold burden is extremely low. The defendant is entitled to have presented instructions related to a theory of defense for which there is any foundation in the evidence.**

**In deciding whether a defendant has met his or her burden, the Court is obliged to view the evidence in the light most favorable to the accused. Defense, therefore, had a legal right to the theory of defense and Government counsel, experienced, I think, continued to voice their objection.**

*Here is my conundrum: Although the defense has a right to have a theory of defense instruction given, I cannot find support that this is considered the law. Does the Government have the right to discuss and cast validity and doubt on a defendant's theory through the evidence presented at trial? Of course. I believe the Government here chose an improper path, but because I cannot find that the instruction in and of itself is not the law, I must deny the motion.*

**As counsel for Mr. Wheeler ably pointed out in his motion, the goal of the prosecutor is not to win the case, but to ensure that justice is**

5

**done. Improper insinuations and suggestions shouldn't be used.**

*Since I cannot support that a defense theory of the case, even though required, is an instruction on the law, I am denying the Motion for New Trial on those grounds….*

[Emphasis added.]

  b. Denial of <u>Motion for New Trial</u> (D.E. 568).  As transcribed in

  D.E. 667 at Page 9, the Court further stated the following:

**Defendant Sgarro filed two motions. I'll discuss Docket Entry 568 first. The defendant argues the Court failed to give an appropriate theory of defense instruction, and the defendant maintains that the instruction that I gave impaired her defense as to Counts 1, 2, and 10. I disagree. I admit that given the decision in Takhalov, the Court made every effort to give a defense theory of the case that reflected the law of the Eleventh Circuit and the facts of this case.**

**I do not think harm, as the defendant notes in its brief, should have been included as part of the defense theory of instruction. I know the issue of harm, as the defendant discusses it, is not an original one and I admit that. The district Court's refusal to deliver a requested instruction constitutes reversible error only if the instruction is correct, is not substantially covered by other instructions which were delivered, and deals with some point in the trial so vital that its failure to give the requested instruction seriously impairs the defendant's ability to defend. That's Opdahl, O-p-d-a-h-l, at 930 F.2d at 1533.**

**I find the initial instruction of the defendant was not correct. I also find that the mail fraud statute and the defendant's theory of the case instruction as read covered the defendant's theory in this case and substantially encompassed the requested instruction. Given the jury instruction and the theory of defense instruction substantially covered the issue of intent to defraud.** *Maybe on review the Eleventh Circuit will find differently and give additional*

*guidance to district courts.*

*I want to take a moment to discuss this because I am certain this is going to be an issue in other fraud cases in this district, if not others, as we all begin to discuss Takhalov and what it really means.* **The United States makes much of the fact that Takhalov was decided prior to the Eleventh Circuit issuing its new jury instructions in December.**

**It should be noted that the judicial counsel approved the revisions to the jury instructions in April of 2016. Takhalov was decided in July and then revised again in October.** *There is no evidence that the judicial counsel on the Eleventh Circuit had any opportunity to revise its instructions in light of the decision in Takhalov, and maybe on appeal they'll tell me the jury instruction should have been different.*

[Empasis added.]

    c.    Denial of <u>Defendant Sgarro's Motion for a Post-Verdict Judgment of Acquittal</u> pursuant to Rule 29(c) (D.E. 569)

    d.    Denial of <u>Defendant Sgarro's Motion to Sever Defendants or Charges</u> (D.E. 278)

    e.    Defendant also maintains the position that the sentence guidelines was incorrectly determined. The guideline imprisonment range should be 8 to 14 months. See D.E. 623 at Page 11.

7. Ms. Sgarro identified numerous other potentially meritorious arguments in her prior motions and objections. This appeal, arising from a unique factual context presenting multiple first-impression issues, is sufficiently substantial to warrant release of the defendant on bond in accordance with statutory requirements.

8. Defendant is a 54-year-old U.S. citizen who resides in Sunny Isles Beach, Florida. Defendant completed high school. Defendant is divorced and has no children. Defendant has no alcohol or substance abuse issues. During Defendant's release, she intends to continue her current employment as a cashier front-end supervisor trainee at Lorenzo's Italian Market in North Miami Beach, and will live at home. See Defendant Sgarro's Motion to Relocate Residence (D.E. 718).

9. Defendant has never previously been convicted of a felony.

10. Defendant is certainly not likely to flee or pose a danger to the safety of any person of the community. Defendant is not a risk of flight or danger to anyone.

11. Defendant remained out on bond during the pendency of the case and always appeared for all court proceedings, including when she previously resided in Nevada. Defendant has maintained an exceptional record of reporting when under the supervision of pretrial release.

12. The appeal is taken in good faith and on grounds that are fairly debatable and not frivolous.

13. If the appeal is decided in the Defendant's favor, the decision will likely result in a reversal or an order for a new trial.

14. Assistant U.S. Attorney Roger Cruz objects to the relief requested in this Motion.

WHEREFORE, Defendant respectfully moves the Court to allow the Defendant to remain on the same bond conditions pending appeal by the Defendant.

Respectfully submitted,
SCOTT W. SAKIN, P.A.
CJA Counsel for ANITA SGARRO
519 South Andrews Avenue
Fort Lauderdale, Florida 33301-2831
(954) 779-7879 Tel. / (954) 463-3604 Fax.
E-mail: sakinlaw@hotmail.com

By: __/s Scott W. Sakin_____
       SCOTT W. SAKIN
       Florida Bar No. 349089

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing <u>Defendant Sgarro's Motion for Release on Bond Pending Appeal</u> was filed electronically with the Clerk of the Court through the CM/ECF system and copies of same distributed to all counsel of record and all known interested parties on this 5th day of December, 2017.

By: __/s Scott W. Sakin_____
SCOTT W. SAKIN
Florida Bar No. 349089